IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:20CR104 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION TO SUPPRESS** |
| | ) | **STATEMENTS** |
| | ) | |
| JONATHAN ROONEY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Johnathan Rooney, by and through his attorney, Kelly M. Steenbock, and moves this court to exclude from trial statements made to law enforcement on or around May 17, 2020. In the first instances, Mr. Rooney was twice interrogated without benefit of *Miranda* warnings as required by law. Secondly, law enforcement engaged Mr. Rooney in a successive interrogation in an effort to cure the prior illegally obtained statements. Then, after Mr. Rooney invoked his right to have an attorney present, officers initiated a second successive interrogation. In support of his motion, Mr. Rooney states the following:

1. On or around May 17, 2020, Mr. Rooney was detained, at the direction of the Winnebago Police Department, on suspicion of criminal homicide. Mr. Rooney was placed in a Winnebago Fire Department vehicle and transported to the Winnebago Fire Department parking lot in Winnebago, Nebraska.

2. Once Mr. Rooney arrived at the Fire Department's parking lot he was handcuffed and transferred to a locked, secured, Winnebago Tribal Police patrol vehicle where he remained for the duration of each of the subsequent interrogations.

3. While in detained in the patrol vehicle, BIA Officer Walker questioned Mr. Rooney in a manner designed to elicit an incriminating response without first warning him of his rights. See, *Miranda v. Arizona*, 384 U.S. 436 (1966).

4. Separately, FBI Special Agent Roberts questioned Mr. Rooney in a manner designed to elicit an incriminating response without first warning him of his rights. See, *Miranda v. Arizona*, 384 U.S. 436 (1966).

5. After leaving Mr. Rooney for an additional 2 hours, SA Roberts returned to Rooney, who was still handcuffed and confined to a police cruiser, to initiate a successive interview of Mr. Rooney in violation of law. See, *Missouri v. Siebert*, 542 U.S. 600 (2004)

6. SA Roberts interrogated Mr. Rooney for almost 30 minutes until Mr. Rooney made an unambiguous request for an attorney.

7. A short time after the interview with SA Roberts was discontinued; BIA Officer Walker re-initiated contact with Mr. Rooney, in violation of law, for a second successive interrogation.  See, *Minnick v. Mississippi*, 498 U.S. 146 (1990) also, *Arizona v. Roberson*, 486 U.S. 675 (1988).

8. Having already expressed his desire to deal with the police only through counsel, Mr. Rooney's subsequent waiver and statement to the BIA Officer is the product of coercion and not his "purely voluntary choice".  As such, the statement should be suppressed and excluded from use at the time of trial.  See, *Edwards v. Arizona*, 451 U.S. 477 (1981).

9. Further, since Mr. Rooney's third statement to law enforcement was involuntarily given it should also be suppressed as impeachment evidence at the time of trial.

WHEREFORE the Defendant prays this Court will find that each of these statements violate Due Process and Defendant's rights under the Fifth Amendment to the United States

Constitution. As such, they should be suppressed from use against the Defendant at the time of trial. Moreover, because the second successive statement was coerced, it should also be excluded as impeachment evidence at the time of trial. A brief in support of the Defendant's motion will be filed contemporaneously with this motion. The Defendant also moves that this matter be set for evidentiary hearing.

                                JONATHAN ROONEY, Defendant,

                                By:   s/ Kelly M. Steenbock
                                        **KELLY M. STEENBOCK**
                                        **Assistant Federal Public Defender**
                                        222 South 15th Street, Suite 300N
                                        Omaha, NE 68102
                                        (402) 221-7896
                                        Fax: (402) 221-7884
                                        email: kelly_steenbock@fd.org