IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,

         vs.

JONATHAN DANIEL ROONEY,

                    Defendants.

8: 20 CR 104

GOVERNMENT'S PROPOSED
JURY INSTRUCTIONS

         COMES NOW the United States of America and proposes the attached Jury Instructions

in the above-captioned case.


                         UNITED STATES OF AMERICA, Plaintiff

                         JAN W. SHARP
                         Acting United States Attorney
                         District of Nebraska

         By:    *s/ Lecia E. Wright*
                         LECIA E. WRIGHT, #24562
                         Assistant U.S. Attorney
                         1620 Dodge Street, Suite 1400
                         Omaha, NE  68102-1506
                         Tel:  (402) 661-3700
                         E-mail:  Lecia.Wright@usdoj.gov


                         CERTIFICATE OF SERVICE

         I hereby certify that on November 29, 2021, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system which sent notification of such filing to the
following:  **Kelly M. Steenbock**, Attorney for Mr. Rooney.


                         *s/ Lecia Wright*
                         Assistant U.S. Attorney

## INSTRUCTION NO. __

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions. You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Model Crim. Jury Instr. 8th Cir. 3.1 (2017).

**INSTRUCTION NO. __**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in light of your own observation and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Model Crim. Jury Instr. 8th Cir. 3.2 (2017).

## INSTRUCTION NO. __

You are reminded that you are not to engage in any independent investigation of this case. For instance, do not visit or view any place discussed in this case, and you are not to consult a dictionary, map, Internet search engine, or any other similar reference tool.

Model Crim. Jury Instr. 8th Cir. 1.8 (2017).

**INSTRUCTION NO. __**

Neither in these instructions nor in any ruling, action, or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

**INSTRUCTION NO. __**

The Second Superseding Indictment in this case charges the defendant, JONATHAN DANIEL ROONEY, with two different crimes. Count I charges second degree murder in violation of Title 18, United States Code, Section 1111 and 1153. Count II charges tampering with documents or proceedings in violation of Title 18, United States Code, Section 1512(c)(1).

The Indictment is simply the document that formally charges the defendant with the crime for which he or she is on trial. The Indictment is not evidence.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

Model Crim. Jury Instr. 8th Cir. 3.5 (2017).

**INSTRUCTION NO. __**

The crime of second-degree murder as charged in Count I the Second Superseding Indictment has four elements, which are:

*One*, the defendant unlawfully killed Kozee Decorah;

*Two*, the defendant did so with malice aforethought as defined in these instructions;

*Three*, the killing occurred within the exterior boundary of the Winnebago Indian Reservation in Indian Country; and

*Four*, both the defendant and Kozee Decorah are Indian (Native American).

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count I. Otherwise, you must find the defendant not guilty of the crimes charged under Count I.

As used in these instructions, "malice aforethought" means an intent, at the time of the killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed.

In determining whether Kozee Decorah was unlawfully killed with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

Model Crim. Jury Instr. 8th Cir. 6.18.1111B (2017), Murder, Second Degree; 6.18.1111A-1, Malice Aforethought Defined

**INSTRUCTION NO. ___**

The crime of tampering with documents or evidence as charged in Count II of the

Second Superseding Indictment has xxx elements, which are:

*One*, the defendant altered, destroyed, mutilated, or concealed a record, document, or

other object;

*Two*, the defendant acted knowingly;

*Three*, the defendant acted corruptly; and

*Four*, the defendant acted with the intent to impair the object's integrity or availability

for use in an official proceeding.

If all of these elements have been proved beyond a reasonable doubt as to the defendant,

then you must find the defendant guilty of the crimes charged under Count II.  Otherwise, you

must find the defendant not guilty of the crimes charged under Count II.


Fed. Crim. Jury Instr. 7th Cir. 1512(c)(1) (2013 ed.). *See also United States v. Watters*, 717 F.3d

733 (9th Cir. 2013).

(No Eighth Circuit Model Instruction)

8

The government must prove beyond a reasonable doubt that the defendant is Indian, in order for the defendant to be proven guilty of the offense charged. The government must prove:

*One*, that the defendant has some degree of Indian blood; and

*Two*, that the defendant is recognized as an Indian person by a tribe or the federal government, or both.

In determining whether the defendant is recognized as an Indian person by a tribe or the federal government, you may consider the following factors among others. No one factor is dispositive.

1. Whether the defendant is an enrolled member of a tribe or band.

2. Whether a government recognizes the defendant as an Indian by providing assistance reserved only to Indians.

3. Whether the defendant enjoys benefits of tribal affiliations.

4. Whether the defendant lives on a reservation or participates in Indian social life.

It is not necessary that all of these factors be present. Rather, the jury is to consider all of the evidence in determining whether the government has proved beyond a reasonable doubt that the defendant is an Indian.

Model Crim. Jury Instr. 8th Cir. 6.18.1153 (2017).

## INSTRUCTION NO. __

The term "Indian Country," as used in these instructions, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

18 U.S.C. § 1151.

**INSTRUCTION NO. __**

~~The government and the defendant have stipulated—that is, they have agreed—that the defendants are Indian (Native American), the persons referred to as victims are Indian (Native American), and that the location of the events giving rise to the charge in this case is on the Omaha Nation Indian Reservation, which is in Indian Country.~~

~~You must therefore treat those elements as proven.~~[1]

Model Crim. Jury Instr. 8th Cir. 2.03 (2017)
18 U.S.C. § 1153.

---

[1] At this time, there are *no* stipulated facts.

11

**INSTRUCTION NO. __**

Intent or knowledge may be proved like anything else.  You may consider any statements made or acts done by the defendant, and all the facts and circumstances in evidence, which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Model Crim. Jury. Instr. 8th Cir. 7.05 (2017).

**INSTRUCTION NO. __**

The Indictment charges that [each] offense was committed "on or about" a certain period of time. It is not necessary that the Government establish with certainty the exact date of the alleged offense. It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the alleged date.

**INSTRUCTION NO. __**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Model Crim. Jury Instr. 8th Cir. 12.02 (2017).

**INSTRUCTION NO. __**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Further, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Model Crim. Jury Instr. 8th Cir. 1.03 (2017).

**INSTRUCTION NO. __**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity  the witness had to have seen or heard the things testified about, the  witness's memory, any motives that witness may have for testifying a certain way, the  manner of the witness while testifying, whether that witness said something different at  an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

 Model Crim. Jury Instr. 8th Cir. 1.05 (2017).

**INSTRUCTION NO. __**

You have heard testimony from a person described as an expert. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Model Crim. Jury Instr. 8th Cir. 4.10 (2017).

**INSTRUCTION NO. __**

You have heard testimony that the defendant made a statement to the FBI. It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

In making these two decisions, you should consider all of the evidence, including the circumstances under which the statement may have been made.

Model Crim. Jury. Instr. 8th Cir. 2.7 (2017).

**INSTRUCTION NO. __**

Some of you may have taken notes during the trial; others of you may have chosen not to take notes. If you did take notes, remember that these notes are not themselves evidence, but are instead merely memory aids. You must reach a verdict based upon your independent recollection of the evidence presented during the trial, not upon your notes or another juror's notes. Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**INSTRUCTION NO. __**

Exhibits have been admitted into evidence and are to be considered along with all the other evidence to assist you in reaching your verdict. You are not to tamper with the exhibits or their contents, and each exhibit should be returned, along with your verdict, in the same condition as it was when received by you.

**INSTRUCTION NO. __**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here  in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous, that is, your verdict must be agreed to by all of you.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right,  or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note signed on the reverse side by one or more jurors. You may send a note to me by calling my chambers at tel. 402-661-7323 to locate the courtroom deputy. I will  respond  to the  note  as  soon  as  possible  either  in  writing  or orally  in  open  court.

23

Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law, which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and call my chambers at 402-661-7323 and tell whomever answers the telephone that you have a verdict.

Model Crim. Jury. Instr. 8th Cir. 3.12 (2017).